**David L. DRAKE, KBA Member No. 19043, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2003–SC–0370–KB.

Supreme Court of Kentucky.

Aug. 21, 2003.

David L. Drake, Independence, Counsel for Movant.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Jane H. Herrick, Kentucky Bar Association, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

Movant, David L. Drake, of Independence, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on October 1, 1978.

On September 27, 2002, the Inquiry Commission issued a two-count charge against Movant, arising from his representation of one Bobby Davis. In 1997, Mr. Davis contacted Movant regarding a dispute with the company that poured Mr. Davis' concrete driveway. Movant agreed to represent Mr. Davis and attempted to settle the matter before filing suit. When a settlement could not be reached, Movant filed suit on his client's behalf in the Boone Circuit Court on June 18, 1999. A trial was scheduled to occur in April of 2000; however, due to, *inter alia,* ineffective service on a party, the matter was remanded from the circuit court's docket. On June 18, 2001, two years after the suit was originally filed, the circuit court issued a notice to dismiss the matter for lack of prosecution. The case was kept on the active docket, however, upon Movant's request.

Since the circuit court postponed the initial trial date, Movant has not taken the appropriate action needed to effectively proceed with Mr. Davis' case. Mr. Davis has experienced a great deal of difficulty in receiving information regarding the case and in contacting Movant. Also, following the filing of the bar complaint, Movant met with Mr. Davis and assured him that he would be properly informed about the progress of the case. However, Movant neglected to provide Mr. Davis with the pertinent information.

Based on the foregoing facts, the Inquiry Commission, under Count I of the charge, alleges that Movant violated SCR 3.130–1.3 in failing to diligently proceed with his client's case. In addition, under Count II, Movant is charged with violating SCR 3.130–1.4(a) for failing to keep his client adequately informed about the status of the case and further, by failing to fulfill his client's reasonable requests for information.

Movant readily admits to the conduct alleged in the Inquiry Commission's charge, and agrees that such conduct was in violation of SCR 3.130–1.3 and SCR 3.130–1.4(a). Movant wishes to terminate the disciplinary proceedings against him by consenting to a public reprimand. Accordingly, he now moves this Court for the issuance of a public reprimand. In response, the Kentucky Bar Association advises this Court that it has no objection to Movant's motion.

IT IS THEREFORE ORDERED THAT:

(1) Movant, David L. Drake, without objection from the Kentucky Bar Association, be and hereby is publicly reprimanded for violating SCR 3.130–1.3 and SCR 3.130–1.4(a).

(2) As a result of the instant public reprimand, the disciplinary proceedings against Movant shall be terminated.

(3) Pursuant to SCR 3.450, Movant is directed to pay the costs associated with this action in the amount of $ 11.05.

All concur.

Entered: August 21, 2003.

/s/ Joseph E. Lambert
CHIEF JUSTICE